UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CHRISANTHIS,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 14-cv-02784-WHA   (WHO)

**ORDER DENYING MOTION TO DISQUALIFY JUDGE**

Re: Dkt. No. 27

    Plaintiff Anthony Chrisanthis has filed a motion to disqualify the Hon. William H. Alsup pursuant to 28 U.S.C. Section 455.[1] Dkt. No. 27. Judge Alsup referred Chrisanthis's motion to disqualify to the Clerk for random reassignment to another judge. Dkt. No. 28. The Clerk referred the matter to me. Dkt. No. 30.

    28 U.S.C. Section 455 provides that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

---

[1] Chrisanthis's motion is captioned "Motion to Reconsider; Motion for Recusal." Consistent with that, Chrisanthis also appears to seek leave to move for reconsideration of Judge Alsup's order relating this case to prior cases filed by Chrisanthis. See Dkt. No. 27 at 2 (requesting that "Plaintiff be granted the opportunity to provide Points and Authorities to the Court on why the administrative motion should have been denied"). I address only Chrisanthis's motion to disqualify; this order has no bearing on Judge Alsup's order relating cases or on Chrisanthis's motion for leave to reconsider that order.

>(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>>(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>>(ii) Is acting as a lawyer in the proceeding;
>>
>>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

None of those disqualifying circumstances is present here. Chrisanthis's entire disqualification argument consists of the following paragraph:

>Judge Alsup presided over all matters in the previous case involving Plaintiff and ruled for Defendants. Defendants now attempt to have the current complaint dismissed by linking the previous lawsuits to the current complaint and requesting the same Judge to rule. This procedure would seem unfair to Plaintiff.

Dkt. No. 27 at 2.

I have reviewed the docket in this matter to better understand Chrisanthis's argument and the nature of the previous lawsuits to which he refers. It appears that Chrisanthis was employed by the Department of Veterans Affairs as a therapist until he resigned in 2002. He has filed three lawsuits regarding the terms of his resignation, including the present lawsuit. Judge Alsup dismissed the first two lawsuits. *See Chrisanthis v. Department of Veterans Affairs, et al.*, Case No. 07-cv-00566 (N.D. Cal. Sept. 25, 2007) (order granting motion to dismiss); *Chrisanthis v.*

Case 3:14-cv-02784-WHA   Document 31   Filed 01/05/15   Page 3 of 3


1  *United States, et al.*, Case No. 08-cv-02472 (N.D. Cal., Nov. 7, 2008) (order granting motion to dismiss).  A motion to dismiss in the present lawsuit is pending.

That Judge Alsup presided over the two prior cases and dismissed those complaints does not create a conflict warranting his disqualification from the present case.  Chrisanthis believes that this result "seems unfair." Dkt. No. 27, p. 2.  But he has not made a showing that Judge Alsup's "impartiality might reasonably be questioned" to warrant disqualification under 28 U.S.C. Section 455(a).  Nor has Chrisanthis established that any of the specific circumstances enumerated in 28 U.S.C. Section 455(b) is present.

Chrisanthis's motion to disqualify Judge Alsup is DENIED.  This case, including the pending motion to dismiss, shall remain before Judge Alsup.

**IT IS SO ORDERED**.

Dated: January 5, 2015



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California