IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHRISANTHIS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, SLOAN D. GLEASON, ACTING SECRETARY OF VETERANS AFFAIRS, DEPARTMENT OF VETERANS AFFAIRS, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>                                          / | No. C 14-02784 WHA<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

## INTRODUCTION

In this action alleging negligent and intentional infliction of emotional distress, defendants move to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). The motion is **GRANTED**.

## STATEMENT

Plaintiff Anthony Chrisanthis worked for approximately seventeen years as a respiratory therapist with defendant Department of Veterans Affairs and, at an unstated point in time, went on medical leave. Plaintiff requested reinstatement in October 2011 but received no response, at which point plaintiff began to suffer from symptoms of severe emotional distress. He renewed his reinstatement request in February 2012. Defendants allegedly replied that he could reapply for a position with Veterans Affairs, but did not indicate that Plaintiff could be reinstated as a

respiratory therapist. His emotional distress then worsened. In September 2013 plaintiff filed a "Federal Tort Claim," and it was "rejected by defendants" on January 17, 2014 (First Amd. Compl. 1, 2).

Plaintiff's complaint alleges two claims for relief: (1) negligent infliction of emotional distress and (2) intentional infliction of emotional distress. Defendants move to dismiss on the grounds that (1) plaintiff's claims are preempted, (2) plaintiff has failed to state a claim, (3) the claims are barred by res judicata, and (4) the claims are time-barred. Because this order finds that plaintiff's claims are preempted, the additional grounds for dismissal need not be addressed. This order follows full briefing and oral argument.

## ANALYSIS

Plaintiff alleges emotional distress torts related to the Veterans Affairs Department's failure to reinstate him to his previous position of employment. The Federal Tort Claims Act "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *United States v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. 1346(b)(1)). Defendants argue, however, that plaintiff's tort claims are preempted by the Civil Service Reform Act (Br. 8). This order agrees. Plaintiff's claims were actionable only within the remedial scheme offered by the CSRA.

The complaint alleges that defendants "breached the duty owed to Plaintiff when [they] failed to consider [plaintiff] for reinstatement in violation of the Civil Service Reform Act" (First Amd. Compl. 3). The CSRA, however, "creates a remedial scheme through which federal employees can challenge their supervisors' prohibited personnel practices." *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (internal citations and quotation marks omitted). "Prohibited personnel practices" under the CSRA include several enumerated acts that are prohibited when performed by a federal employee with the "authority to take . . . or approve any personnel action." 5 U.S.C. 2302(b). Reinstatement is one such "personnel action." 5 U.S.C. 2302(a)(2)(A)(v).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). Every decision in our court of appeals to address federal employee tort claims involving supervisory personnel actions has held that the CSRA preempts. The state of the law is this:

> If the challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are the employee's only remedy." The CSRA's remedial scheme is both exclusive and preemptive because "permitting FTCA claims to supplant the CSRA's remedial scheme" would defeat Congress' purpose of creating "a single system of procedures and remedies, subject to judicial review." Accordingly, where Congress has provided a process for processing prohibited personnel practices, other potential employee remedies are preempted. In fact, a federal employee's personnel-related complaints are preempted "even if no remedy is available under the CSRA."

*Mangano*, 529 F.3d at 1246 (internal citations and alterations omitted). Here, the challenged conduct "falls within the scope" of the CSRA's prohibited personnel practices, and, therefore, the CSRA's administrative procedures are plaintiff's only remedy.

Even though the bare bones complaint does not detail a specific "prohibited personnel practice" allegedly undertaken by defendants, it does allege that defendants' personnel action to not reinstate plaintiff was a "violation of the Civil Service Reform Act" (First Amd. Compl. 3). Plaintiff attempts to distance himself from the obvious reading of the complaint as arising under the CSRA by arguing in his opposition that the complaint alleges "independent torts . . . pursued regardless of the CSRA" (Opp. 2). That characterization ignores the preemptive nature of the CSRA. "Both the CSRA and its legislative history show that Congress did not intend that state tort law operate within the interstices of the act." *Saul v. United States*, 928 F.2d 829, 842 (9th Cir. 1991).

Plaintiff's claims are preempted by the CSRA "if the conduct underlying his complaint can be challenged as 'prohibited personnel practices' within the meaning of the CSRA." *Mangano*, 529 F.3d at 1247. Plaintiff, indeed, could have challenged defendants' actions as prohibited personnel practices under the CSRA. Plaintiff's claims involve negligent or intentionally "outrageous" conduct pursuant to a non-reinstatement personnel action, despite

3

defendants' knowledge of plaintiff's "severe emotional distress" (First Amd. Compl. 3, 4). Several "prohibited personnel practices" enumerated in the CSRA could have applied, such as *inter alia*: discrimination "on the basis of handicapping condition," 5 U.S.C. 2302(b)(1)(D); deceit or willful obstruction of "any person with respect to such person's right to compete for employment," 5 U.S.C. 2302(b)(4); or "discriminat[ion] for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant." 5 U.S.C. 2302(b)(10).

"By enacting the CSRA, Congress created 'an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration.'" *Mangano*, 529 F.3d at 1246 (quoting *United States v. Fausto*, 484 U.S. 439, 445 (1988)). It is important to emphasize that a remedy is available to a person in plaintiff's shoes — within the CSRA's administrative procedures. To contest such a non-reinstatement decision, a person may "submit an appeal to the Merit Systems Protection Board." 5 U.S.C. 7701(a). Dissatisfaction with the Merit Board's final order or decision may be addressed by filing a petition to review the decision with the United States Court of Appeals for the Federal Circuit, or, for certain grievances, in any court of appeals of competent jurisdiction, within 30 or 60 days after the Board issues a notice of the final order or decision, depending on the nature of the claim. 5 U.S.C. 7703(b). This Court must dismiss the claims without prejudice to plaintiff's possible pursuit of an administrative claim under the CSRA.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. Judgment will be entered for defendants. Leave to amend would be futile and thereby will not be allowed.

**IT IS SO ORDERED.**

Dated: February 27, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4